Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (602) 956-1409
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiffs*

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Maya Hunter**, | No. |
| Plaintiff, | **COLLECTIVE ACTION COMPLAINT PURSUANT TO THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, ET SEQ.** |
| vs. | |
| **Baio Enterprises, Inc.**, an Arizona corproation, and **Martha A. Baio**, | **(Demand for Jury Trial)** |
| Defendants. | |

Plaintiff, Maya Hunter, individually, and on behalf of all other persons similarly situated, allege as follows:

## PRELIMINARY STATEMENT

1.      This is an action for equitable relief, minimum wage, overtime pay, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).  Plaintiff bring this action on behalf of herself and all similarly-situated current and former Case Aides of Defendants.

2.    Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants[1] for their unlawful failure to pay minimum wage and overtime in violation of the FLSA.

3.    Plaintiff brings a collective action under the FLSA to recover the unpaid overtime wages owed to them individually and on behalf of all other similarly-situated case aides, current and former, of Defendants.  Members of the Collective Action are referred to as the "Collective Members."

4.    Plaintiff and the Collective Members are current and former employees of Defendants and bring this action on behalf of themselves and all similarly-situated current and former case aides who Defendants failed to compensate overtime under the FLSA, and who were therefore not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

5.    Plaintiff and the Collective Members are current and former employees of Defendants and bring this action on behalf of themselves and all similarly-situated current and former case aides who Defendants failed to timely compensate their wages, including minimum wage under the FLSA and Arizona Law, and who were therefore not paid minimum wage or any wages as required by Arizona Law.

6.    The Collective Members are all current and former case aides who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

---

[1] All Defendants to this action are collectively referred to as either "Baio Enterprises" or "Defendants" unless specified otherwise.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066,
Phoenix, AZ 85060

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

7.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Under the FLSA, employers must pay all non-exempt employees at least the statutory minimum wage, and an overtime wage premium of one and one-half times their regular rates of pay, for all time they spend working in excess of 40 hours in a given workweek.

8.     The Arizona Minimum Wage Act, A.R.S. § 23-363 establishes the minimum wage that employers are required to compensated their employees.

9.     The Arizona Wage Act, Arizona Revised Statutes ("A.R.S.") § 23-355 recognizes that employers must pay their employees all wages earned.

## JURISDICTION AND VENUE

10.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

1

## PARTIES

13.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

14.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

15.     At all material times, Plaintiff was a full-time employee of Defendants who worked as a case aid from approximately August 26, 2016 through approximately September 5, 2017.

16.     At all material times, Plaintiff was employed by Defendants and paid on an hourly basis.

17.     At all relevant times, Defendants employed case aides to perform various duties, including, but not limited to, providing transportation for children to and from visits, supervising visits, keeping notes of visits, writing reports for visits, and completing other necessary paperwork.

18.     At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

19.     At all material times, Plaintiff was a non-exempt employee under 29 U.S.C. § 213(a)(1).

20.     Plaintiff has given her written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "Exhibit A."

-4-

21.     Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated who are current or former case aides of Defendants, including but not limited to current or former case aides of Defendants who agree in writing to join this action seeking recovery under the FLSA.

22.     Plaintiff brings this action on behalf of herself and on behalf of all other similarly situated current and former employees of Defendants–specifically, current or former case aides of Defendants who Defendants failed to compensate overtime under the FLSA and, therefore, did not receive an overtime premium for time spent working in excess of 40 hours in a given workweek.

23.     Plaintiff brings this action on behalf of herself and on behalf of all other similarly situated current and former employees of Defendants–specifically, current or former case aides of Defendants who Defendants failed to timely compensate all wages under the FLSA and Arizona law and, therefore, were not properly compensated minimum wage, overtime, and all wages due and owing in any workweek that they worked for Defendants.

24.     Defendant Baio Enterprises, Inc. is an Arizona corporation, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

25.     Under the FLSA, Defendant Baio Enterprises, Inc. is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Baio Enterprises, Inc. had the authority to hire and fire employees, supervised and controlled

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Baio Enterprises.  Having acted in the interest of Baio Enterprises in relation to their employees, including Plaintiff, Baio Enterprises, Inc. is subject to liability under the FLSA.

26.     Under the FLSA, Defendant Martha A. Baio is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Martha A. Baio was the owner of Baio Enterprises, Inc.  At all relevant times, she had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Baio Enterprises. As a person who acted in the interest of Baio Enterprises in relation to Baio Enterprises' employees, including Plaintiff, Defendant Martha A. Baio is subject to individual liability under the FLSA.

27.     Defendants, and each of them, are sued in both their individual and corporate capacities.

28.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

29.     At all relevant times, Plaintiff and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

30.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

31.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

32.     At all relevant times, Plaintiff and the Collective Members are "employees" as defined by A.R.S. §§ 23-350 and 23-362.

33.     At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. §§ 23-350 and 23-362.

34.     The provisions set forth in A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

35.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

36.     At all relevant times, Plaintiff and the Collective Members in their work for Defendants, were engaged in commerce or the production of goods for commerce.

37.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

38.     At all relevant times, all Defendants were joint employers of Plaintiff and the Collective Members.  At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control.  In any event, at all relevant times,

-7-

Defendants were joint employers under the FLSA, 29 C.F.R. § 791.2(b), and *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 917-918 (9th Cir. 2003), and employed Plaintiffs and the Collective Members.

## FACTUAL ALLEGATIONS

39.   Plaintiff realleges and incorporate by reference all allegations in all preceding paragraphs.

40.   Defendants own and/or operate as Baio Enterprises, Inc., an enterprise located in Maricopa County, Arizona.

41.   Baio Enterprises is a company that, among other things, provides supervised visitation services to families, located in Mesa, Arizona.

42.   At all relevant times in her work for Defendants as a case aide, Plaintiff performed and continue to perform non-exempt duties for an hourly rate of pay.

43.   At all relevant times in their work for Defendants, case aides are and have been classified as non-exempt and paid an hourly rate of pay.

44.   On approximately August 26, 2016, Plaintiff began employment with Defendants as a case aide, performing non-exempt tasks, such as providing transportation for children to and from visits, supervising visits, keeping notes of visits, writing reports for visits, and completing other necessary paperwork.

45.   Rather than paying their case aides–including Plaintiff and the Collective Members–an overtime premium for time spent working in excess of 40 hours in a given workweek, Defendants simply compensated their case aides a straight hourly rate of pay for all hours worked, even those in excess of 40 hours per week.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

46.     In a given workweek, and during each and every workweek, of Plaintiffs' employment with Defendants, they worked between one (1) and fifteen (15) hours of overtime without being compensated at one and one-half times her regular rate of pay for such time worked.

47.     For example, during the workweek of May 21, 2016, Plaintiff worked, at a minimum, 14 hours of overtime without being compensated at one and one-half times her regular rate of pay for such time worked.

48.     In their work for Defendants, Plaintiff and the Collective Members were non-exempt employees.

49.     Throughout the duration of her employment with Defendants, Defendants provided Plaintiff and Collective Members with itineraries for each case of estimated mileage, drive time, and visit time.  However, these itineraries do not necessarily reflect the actual amounts of time that Plaintiff and the Collective Members actually spent performing work for any given case.

50.     Further, upon information and believe, in a given workweek, and during each and every workweek, Plaintiff and the Collective Members performed additional "make up" visits for various cases that were not included on their itineraries.  Further, upon information and believe, Defendants did not properly account for this time, and as a result, there may be additional unpaid overtime hours not accounted for.

51.     In their work for Defendants, Plaintiff and the Collective Members were not outside sales employees.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066,
Phoenix, AZ 85060

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

52.     In their work for Defendants, Plaintiff's and the Collective Members' primary duty was not making sales as defined by the FLSA or obtaining contracts for services of for the use of facilities for which a consideration will be paid by the client or customer.

53.     In their work for Defendants, Plaintiff and the Collective Members were not commissioned sales employees half of whose total earnings consisted of commissions.

54.     At no point during any workweek during which Plaintiff and Collective Members worked for Defendants did more than half of their total earnings consist of commissions.

55.     In their work for Defendants as case aides, Plaintiff's and the Collective Members' primary duty was not managing the enterprise that is Baio Enterprises, or managing a customarily recognized department or subdivision of the enterprise that is Baio Enterprises.

56.     In their work for Defendants as case aides, Plaintiff and the Collective Members did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

57.     In their work for Defendants as case aides, Plaintiff and the Collective Members did not have the authority to hire or fire other employees, nor were their suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change in status of other employees given particular weight.

58.     In their work for Defendants as case aides, Plaintiff's and the Collective Members' primary duty was not the performance of office or non-manual work directly related to the management or general business operations of Baio Enterprises or Baio Enterprises' customers.

59.     In their work for Defendants as case aides, Plaintiff's and the Collective Members' primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

60.     From the beginning of Plaintiff's and the Collective Members' employment through the present day, Defendants failed to properly compensate Plaintiff and the Collective Members for any of their overtime hours.  During each and every workweek during which Plaintiff and the Collective Members worked for Defendants, they worked approximately one (1) to fifteen (15) hours of overtime.

61.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

62.     Defendants engaged in the regular practice of willfully failing to pay Plaintiff and the Collective Members one and one-half times their regular rates of pay for all time that they suffered or permitted Plaintiffs and Collective Members to work in excess of forty (40) hours per workweek.

63.     As a result of Defendants' willful failure to pay Plaintiff and Collective Members one and one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, Defendants paid Plaintiff less than the applicable overtime

wage rate for such work that Plaintiff and the Collective Members performed in excess of forty (40) hours per workweek.

64.     Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff and the Collective Members to work.  As such, Plaintiff's and the Collective Members' time records understate the duration of time each workweek that Defendants suffered or permitted Plaintiff and the Collective Members to work.

65.     As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. § 207(a).

66.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs and the Collective Members one and one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

67.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff and the Collective Members one and one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek.

68.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

69.     In a given workweek, and during each and every workweek of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members worked for Defendants for more than 40 hours and were not paid the applicable overtime wage premium of one and one-half times their regular rates of pay under the FLSA 29, U.S.C. § 207(a).

70.     Defendants, in at least one work week, failed to pay Plaintiff minimum wage by failing to pay her any wages owed for the hours that she worked in that workweek, in violation of the FLSA, 29 U.S.C. § 206(a).

71.     Specifically, according to Defendants' own calculations, during the week of September 3, 2017, Plaintiff worked six (6) hours.  Defendants admitted that they did not pay Plaintiff any wages for the workweek of September 3, 2017.

72.     As a result of Defendants failure to pay Plaintiff any wages whatsoever for the workweek of September 3, 2017, Defendants violated 29 U.S.C. § 206(a), and Defendants owe Plaintiff minimum wage for all hours worked, an additional equal amount as liquidated damages, interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

73.     As a result of Defendants failure to pay Plaintiff any wages whatsoever for the workweek of September 3, 2017, Defendants violated the Arizona Minimum Wage Act, A.R.S. § 23-362, et seq., and Defendants owe Plaintiff minimum wage for all hours worked, an additional amount equal to twice the unpaid wages, interest, and attorneys' fees and costs pursuant to A.R.S § 23-364.

74. As a result of Defendants failure to pay Plaintiff any wages whatsoever for the workweek of September 3, 2017, Defendants violated the Arizona Wage Act, A.R.S. § 23-350, et seq., and Defendants owe Plaintiff all unpaid wages for all hours worked, an additional amount equal to twice the unpaid wages, and interest, pursuant to A.R.S § 23-355.

75. A.R.S § 23-351A requires that employers designate two or more fixed pay days per month for the payment of wages to employees.

76. Further, A.R.S. § 23-351C requires such payment to occur within five (5) business days of the end of a pay period.

77. Throughout the duration of Plaintiff's and the Collective Members' employment with Defendants, Defendants designated one pay period per month, the first day of the month through the last day of the month.

78. Throughout the duration of Plaintiff's and the Collective Members' employment with Defendants, Defendants paid Plaintiff and the Collective Members one time per month.

79. Throughout the duration of Plaintiff's and the Collective Members' employment with Defendants, Defendants compensated Plaintiff and the Collective Members on the tenth (10th) day of the month following the end of the most recent pay period.

80. For example, Plaintiff received a paycheck on August 10, 2017 for a pay period from July 1, 2017 through July 31, 2017.

-14-

81.     As a result of these late payments of wages, Defendants violated the FLSA, 29 U.S.C. § 206(a), and Plaintiff and Collective Members are entitled to liquidated damages in the amount of the unpaid wages for all such late payments.

82.     As a result of these late payments of wages, Defendants violated the Arizona Minimum Wage Act, A.R.S. § 23-362, et seq., and Plaintiff and Collective Members are entitled to liquidated damages in the amount equal to twice the unpaid wages for all such late payments, pursuant to A.R.S. § 23-364.

83.     As a result of these late payments of wages, Defendants violated the Arizona Wage Act, A.R.S. § 23-350, et seq., and Plaintiff and Collective Members are entitled to liquidated damages in the amount equal to twice the unpaid wages for all such late payments, pursuant to A.R.S. § 23-355.

84.     Defendants wrongfully withheld wages from Plaintiff and the Collective Members by failing to pay all wages due for hours Plaintiff and the Collective Members worked.

85.     Defendants wrongfully withheld wages from Plaintiff and the Collective Members by failing to timely pay all wages due for hours Plaintiff and the Collective Members worked.

86.     Due to Defendants' illegal wage practices, Plaintiff and the Collective Members are entitled to recover from Defendants compensation for unpaid minimum wages and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

87.     Due to Defendants' illegal wage practices, Plaintiff and the Collective Members are entitled to recover from Defendants compensation for unpaid wages, an amount that is treble his unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S. § 23-355 and A.R.S § 23-364.

## COLLECTIVE ACTION ALLEGATIONS

88.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former case aides of Defendants.

90.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current and former case aides of Defendants, who are not or were not paid one and one-half times their regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work, in violation of pursuant to 29 U.S.C. § 207(a), who agree in writing to join this lawsuit seeking recovery under the FLSA.

91.     At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay and one and one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek

that Defendants suffered or permitted them to work. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff are identical.

92.     Plaintiff and the Collective Members worked more than forty (40) hours in a given workweek without being compensated for the hours worked in excess of forty (40) during that workweek. Further, Plaintiff and the Collective Members worked more than forty (40) hours in a given workweek without being compensated for the overtime hours worked during that workweek.

93.     Although Defendants permitted and/or required the Collective Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40) in a given workweek.

94.     Defendants compensated Plaintiff and the Collective Members once time per month, paying Plaintiff and the Collective Members on the tenth (10th) day of the month following their monthly pay period from the first day of the month to the last day of the month.

95.     The Collective Members perform or have performed the same or similar work as the Plaintiff.

96.     The Collective Members regularly work or have worked in excess of forty (40) hours during a given workweek.

97.     The Collective Members are not exempt from receiving overtime pay, minimum wage, or wages due.

98.     As such, the Collective Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime, minimum wage, and wages due.

99.     Defendants' failure to pay overtime and minimum wage compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Members.

100.    Defendants' failure to timely pay minimum wage compensation and all wages due and owing required by Arizona law results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Members.

101.    The experiences of Plaintiff, with respect to their pay, are typical of the experiences of the Collective Members.

102.    The specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

103.    All class members, irrespective of their particular job requirements, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

104.    All class members, irrespective of their particular job requirements, are entitled to additional compensation for Defendants failure to timely pay wages owed during a given workweek and/or a given pay period.

105.    Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula.  The claims of all Collective Members arise from a common nucleus of facts.

-18-

Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

106.    As such, Plaintiffs bring their FLSA overtime and minimum wage claims as a collective action on behalf of the following class:

> **The FLSA Collective Members are all of Defendants' current and former case aides who worked for Defendants at any time starting <u>three years before this lawsuit was filed up to the present.</u>**

107.    Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium of not less than one and one-half times their regular rates of pay for hours worked in excess of forty (40) per workweek.

108.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

109.    This action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

110.    The Collective Members perform or have performed the same or similar work as Plaintiffs.

111.    Upon information and belief, the individuals similarly situated to Plaintiff include more than fifty (50) employees currently and/or formerly employed by Defendants, and Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession or control, but it can be readily ascertained from their employment records and the records of its payroll processor.

-19-

112.    Notice can be provided to the Collective Members via first class mail to the last address known to Defendants, via email at the last known email address known to Defendants, and via text message at the last known telephone number known to Defendants.

113.    Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

**DAMAGES**

114.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

115.    Plaintiff and the Collective Members are entitled to recover overtime compensation for the hours they worked in excess of 40 hours in a given workweek for which they were not paid at the federally mandated overtime rate–i.e., Plaintiff and the Collective Members are entitled one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per week for Defendants.

116.    Plaintiff and the Collective Members are entitled to recover unpaid minimum wage compensation for the hours they worked in a given workweek for which they were not timely compensated at the federally mandated minimum wage, or for which they were not compensated at all.

117.    Plaintiff and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

THE BENDAU LAW FIRM PLLC
P.O. Box 97066,
Phoenix, AZ 85060

118.    Plaintiff and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

119.    Plaintiff and the Collective Members are also entitled to recover an amount equal to twice their unpaid wages as liquidated damages.  A.R.S. § 23-355; A.R.S. § 23-364.

120.    Plaintiff and the Collective Members are also entitled to recover their attorney's fees and costs.  A.R.S. § 23-365

## COUNT ONE: FAIR LABOR STANDARDS ACT
## UNPAID OVERTIME

121.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

122.    Defendants operated pursuant to their policy and practice of not paying Plaintiff and the Collective Members one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek.

123.    While employed by Defendants, Plaintiff and the Collective Members worked overtime each and every workweek for which they worked for Defendants, and Defendants did not pay to Plaintiff and the Collective Members one and one-half times their regular rate of pay for such time.

124.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

125.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

126.    Plaintiff and the Collective Members believe and therefore aver that Defendants owe them unpaid overtime wages for each and every pay period for the duration of their employment.

127.    Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery.  Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

128.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

129.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiff and the Collective Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor for Defendants in excess of their regular 40-hour workweek.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

130.    As a result of Defendants failure or refusal to pay Plaintiff and the Collective Members a wage equal to one and one-half times Plaintiff's and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a).  Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Maya Hunter, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one or more of the following acts:

    i.    violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages; and

    ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B.    For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff and the Collective Members;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.    For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F.    For the Court to provide reasonable incentive awards the named Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G.    Such other relief as this Court deems just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT UNPAID MINIMUM WAGE

131.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

132.   Defendants operated pursuant to their policy and practice of not timely paying Plaintiff and the Collective Members their wages for all hours worked.

133.   As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members wages due and owing according to the provisions of the FLSA.

134.   Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 206(a).

135.   Plaintiff and the Collective Members believe and therefore aver that Defendants owe them unpaid wages for each and every pay period for the duration of their employment.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066,
Phoenix, AZ 85060

136.   Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery.  Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

137.   Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

138.   Defendants have and continue to willfully violate the FLSA by not timely paying Plaintiff and the Collective Members all wages due and owing for all hours worked in a given workweek.

139.   As a result of Defendants failure or refusal to timely pay Plaintiff and the Collective Members all wages due and owing for all hours worked in a given workweek, Defendants violated 29 U.S.C. § 206(a).  Plaintiff and the Collective Members are therefore entitled to compensation for the untimely payments in an amount equal to the amount of wages earned for all hours worked in a given workweek throughout the duration of their employment with Defendants.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

WHEREFORE, Plaintiff, Maya Hunter, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A.   For the Court to declare and find that the Defendants committed one or more of the following acts:

i.   violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to timely pay all wages due; and

ii.   willfully violated overtime provisions of the FLSA, 29 U.S.C. § 206(a);

B.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

C.   For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.   For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

E.   For the Court to provide reasonable incentive awards the named Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

F.   Such other relief as this Court deems just and proper.

## COUNT THREE: ARIZONA MINIMUM WAGE ACT
## UNPAID MINIMUM WAGE

140. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

141. Defendants operated pursuant to their policy and practice designating one pay period per month and one pay day per month, in violation of A.R.S. § 23-350, et seq.

142. Specifically, Defendants' designated pay period began on the first day of each month and ended on the last day of each month, and Defendants designated the tenth (10th) day of each month as the only designated pay day, in violation of A.R.S. § 23-350, et seq.

143. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members minimum wages due and owing according to the provisions of Arizona law.

144. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the Arizona law by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with A.R.S. § 23-350, et seq. and A.R.S § 23-362, et seq.

145. Plaintiff and the Collective Members believe and therefore aver that Defendants owe them unpaid minimum wages for each and every pay period for the duration of their employment.

146. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment,

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

Plaintiff and the Collective Members believe that such information will become available during the course of discovery.  Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

147.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of Arizona law's minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of A.R.S. § 23-350, et seq., and A.R.S. § 23-362, et seq.

148.    Defendants have and continue to willfully violate A.R.S § 23-362, et seq. by not timely paying Plaintiff and the Collective Members minimum wages due and owing for all hours worked in a given workweek.

149.    As a result of Defendants failure or refusal to timely pay Plaintiff and the Collective Members all wages due and owing for all hours worked in a given workweek, Defendants violated A.R.S. § 23-362, et seq.  Plaintiff and the Collective Members are therefore entitled to compensation for the untimely payments in an amount equal to the amount of minimum wages earned for all hours worked in a given workweek throughout the duration of their employment with Defendants.

WHEREFORE, Plaintiff, Maya Hunter, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

THE BENDAU LAW FIRM PLLC
P.O. Box 97066,
Phoenix, AZ 85060

THE BENDAU LAW FIRM PLLC
P.O. Box 97066,
Phoenix, AZ 85060

A.    For the Court to declare and find that the Defendants committed one or more of the following acts:

    i.    violated A.R.S. § 23-362, et seq., by failing to timely pay all wages due; and

    ii.    willfully violated A.R.S § 23-362, et seq.;

B.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to A.R.S § 23-364 and all other causes of action set forth in this Complaint;

E.    For the Court to provide reasonable incentive awards the named Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

F.    Such other relief as this Court deems just and proper.

### COUNT FOUR: ARIZONA WAGE ACT
### UNPAID WAGES

150.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

151.    Defendants operated pursuant to their policy and practice designating one pay period per month and one pay day per month, in violation of A.R.S. § 23-350, et seq.

152.     Specifically, Defendants' designated pay period began on the first day of each month and ended on the last day of each month, and Defendants designated the tenth (10th) day of each month as the only designated pay day, in violation of A.R.S. § 23-350, et seq.

153.     As a result, Defendants have intentionally failed and/or refused to timely pay Plaintiff and the Collective Members wages due and owing according to the provisions of Arizona law.

154.     Defendants further have engaged in a widespread pattern and practice of violating the provisions of the Arizona law by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with A.R.S. § 23-350, et seq.

155.     Plaintiff and the Collective Members believe and therefore aver that Defendants owe them unpaid wages for each and every pay period for the duration of their employment.

156.     Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery.  Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

157.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were

aware of Arizona law's wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of A.R.S. § 23-350, et seq.

158.   Defendants have and continue to willfully violate A.R.S § 23-362, et seq. by not timely paying Plaintiff and the Collective Members minimum wages due and owing for all hours worked in a given workweek.

159.   As a result of Defendants failure or refusal to timely pay Plaintiff and the Collective Members all wages due and owing for all hours worked in a given workweek, Defendants violated A.R.S. § 23-350, et seq.  Plaintiff and the Collective Members are therefore entitled to compensation for the untimely payments in an amount equal to the amount of wages earned for all hours worked in a given workweek throughout the duration of their employment with Defendants.

WHEREFORE, Plaintiff, Maya Hunter, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A.   For the Court to declare and find that the Defendants committed one or more of the following acts:

i.   violated A.R.S. § 23-350, et seq., by failing to timely pay all wages due; and

ii.   willfully violated A.R.S § 23-350, et seq.;

B.   For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

THE BENDAU LAW FIRM PLLC
P.O. Box 97066,
Phoenix, AZ 85060

C.    For the Court to award prejudgment and post-judgment interest on any

damages awarded;

D.    For the Court to provide reasonable incentive awards the named Plaintiff to

compensate her for the time she spent attempting to recover wages for the

Collective Members and for the risks they took in doing so; and

E.    Such other relief as this Court deems just and proper.


## REQUEST FOR COLLECTIVE ACTION CERTIFICATION

Plaintiffs request that the Court designate this action as a collective action on

behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29

U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising

them of the pendency of this action, and permitting them to timely assert FLSA claims in

this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b).


## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.


RESPECTFULLY SUBMITTED this 14th day of February, 2018.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau